## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MICHAEL DECARO, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 3:22-cv-3011 |
| | ) | |
| TRANS UNION, LLC, EXPERIAN | ) | |
| INFORMATION SOLUTIONS, INC, | ) | |
| EQUIFAX INFORMATION SERVICES, | ) | |
| LLC, AND CREDIT ACCEPTANCE | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S COMPLAINT

Plaintiff, MICHAEL DECARO ("Plaintiff"), by and through his attorneys, alleges the following against Defendants, EXPERIAN INFORMATION SOLUTIONS INC., TRANS UNION, LLC, EQUIFAX INFORMATION SERVICES, LLC, and CREDIT ACCEPTANCE CORPORATION ("Experian" "Trans Union" and "Equifax" and "Credit Acceptance" respectively and "Defendants" collectively):

### INTRODUCTION

1. Plaintiff's Complaint is an action for actual and statutory damages for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. and Regulation V, 12 C.F.R. part 1022.

### JURISDICTION AND VENUE

2. This court has jurisdiction under the FCRA 15 U.S.C. § 1681, *et seq*., and pursuant to 28 U.S.C. §§ 1331 and 1337.

3.  Venue and personal jurisdiction in this District are proper because Defendants do or transact business within this District, and a material portion of the events at issue occurred in this District.

**PARTIES**

4.  Plaintiff is a natural person residing in the City of Pana, Christian County, State of Illinois.

5.  Plaintiff is a "consumer" as that term is defined by § 1681a(c) of the FCRA.

6.  Defendant Experian is a credit reporting agency that regularly conducts business throughout every state and county in the United States and as a corporation that does business in the state of Illinois, is a citizen of the state of Illinois.

7.  Defendant Trans Union is a credit reporting agency that regularly conducts business throughout every state and county in the United States and as a corporation that does business in the state of Illinois, is a citizen of the state of Illinois

8.  Defendant Equifax is a credit reporting agency that regularly conducts business throughout every state and county in the United States and as a corporation that does business in the state of Illinois, is a citizen of the state of Illinois.

9.  At all relevant times Defendants Experian, Trans Union and Equifax were each a "consumer reporting agency" as that term is defined by the FCRA.

10. Defendant Credit Acceptance regularly conducts business throughout every state and county in the United States and as a corporation that does business in the state of Illinois, is a citizen of the state of Illinois.

11. Defendant Credit Acceptance is a "furnisher" as that term is defined by the FCRA and Regulation V. 12 C.F.R. § 1022.41(c).

12. At all relevant times, Defendants were each a "person" as that term is defined by the FCRA.

2

## FACTUAL ALLEGATIONS

13. At all relevant times, credit reports as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

14. Defendants Experian, Trans Union, and Equifax have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereinafter, the "inaccurate information").

15. The inaccurate information of which Plaintiff complains is an account, or trade-line, that reflect Plaintiff's history of credit, named: Credit Acceptance Corporation.

16. In or around August 2021, Plaintiff sent a written dispute to Defendants Experian, Trans Union and Equifax informing it of the inaccurate reporting of the Tradeline.

17. Plaintiff's written dispute letter explained that the alleged debt was paid in full and is no longer owed.

18. Plaintiff requested that Defendants Experian, Trans Union and Equifax correct the inaccuracy.

19. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor, and Plaintiff's worthiness.

20. The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

21. In or around August 2021, Plaintiff disputed the inaccurate information with Defendants Experian, Trans Union and Equifax by written communication to their representatives [and by following Defendants Experian, Trans Union and Equifax's established procedure for disputing consumer credit information].

22. Upon information and belief, Defendants Experian, Trans Union and Equifax notified

Credit Acceptance Corporation. of Plaintiff's dispute and the nature of the dispute.

23. Upon information and belief, within five (5) days of Plaintiff disputing the inaccurate information with Defendants Experian, Trans Union and Equifax, Defendant Credit Acceptance Corporation received notification from Defendants Experian, Trans Union and Equifax of Plaintiff's dispute and the nature of the dispute.

24. Upon information and belief, Defendants Experian, Trans Union and Equifax received the results of Credit Acceptance Corporation's investigation as to Plaintiff's dispute.

25. Upon information and belief, Defendants Experian, Trans Union and Equifax updated the reporting of the account at issue solely based upon the information it received from Defendant Credit Acceptance Corporation in response to Plaintiff's dispute.

26. Defendants Experian, Transunion and Equifax did not respond to Plaintiff's August 2021 dispute.

27. Despite Plaintiff's efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above dispute as required by the FCRA, have failed to remove the inaccurate information and have continued to report the derogatory inaccurate information about Plaintiff.

28. At all times pertinent hereto, Defendants were acting by and through Defendants' agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendants.

29. At all times pertinent hereto, the conduct of Defendants, as well as that of Defendants' agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

30. Plaintiff has been damaged, and continues to be damaged, in the following ways:

   a. Impeded Plaintiff's ability to obtain credit;

   b. Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

   c. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

   d. Denial of credit, loans, financing and/or other damages, not within five (5) days of Plaintiff disputing the inaccurate information with yet known by Plaintiff; and

   e. Decreased credit score which may result in inability to obtain credit on future attempts.

## COUNT I
## DEFENDANT EXPERIAN VIOLATED THE FAIR CREDIT REPORTING ACT

31. Plaintiff repeats and re-alleges paragraphs one (1) through thirty (30) of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

32. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Experian is liable to Plaintiff for engaging in the following conduct:

   a. Willfully or negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. §1681i(a);

   b. Willfully or negligently failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

   c. Willfully or negligently failing to review and consider all relevant information

submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

d. Willfully or negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a); and

e. Willfully or negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

33. The conduct of Experian was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Experian is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

WHEREFORE, Plaintiff, MICHAEL DECARO, respectfully requests judgment be entered against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., for the following:

34. All actual compensatory damages suffered pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

35. Statutory damages of $1,000.00 pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

36. Costs and reasonable attorneys' fees pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

37. Equitable relief, including enjoining Defendant from further violations, pursuant to Fair Credit Reporting Act, 15 U.S.C. § 1681n(a); and

38. Any other relief that this Honorable Court deems appropriate.

**COUNT II**
**DEFENDANT TRANS UNION VIOLATED THE FAIR CREDIT REPORTING
ACT**

39. Plaintiff repeats and re-alleges paragraphs one (1) through thirty (30) of Plaintiff's

    Complaint as the allegations in Count II of Plaintiff's Complaint.

40. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Trans Union is liable to Plaintiff for

    engaging in the following conduct:

    a.  Willfully or negligently failing to conduct a proper and reasonable reinvestigation

        concerning the inaccurate information after receiving notice of the dispute from

        Plaintiff, in violation of 15 U.S.C. §1681i(a);

    b.  Willfully or negligently failing to provide all relevant information provided by

        Plaintiff regarding the dispute of the inaccurate information to the furnishing

        entities, in violation of 15 U.S.C. §1681i(a);

    c.  Willfully or negligently failing to review and consider all relevant information

        submitted by Plaintiff concerning the dispute of the inaccurate information, in

        violation of 15 U.S.C. §1681i(a);

    d.  Willfully or negligently failing to delete the inaccurate information from Plaintiff's

        credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a); and

    e.  Willfully or negligently failing to employ and follow reasonable procedures to

        assure maximum possible accuracy of Plaintiff's credit report, information and file,

        in violation of 15 U.S.C. §1681e(b).

41. The conduct of Trans Union was a direct and proximate cause, as well as a substantial

    factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more

    fully above and, as a result, Trans Union is liable to Plaintiff for the full amount of statutory,

    actual and punitive damages, along with the attorneys' fees and the costs of litigation, as

well as such further relief, as may be permitted by law.

WHEREFORE, Plaintiff, MICHAEL DECARO, respectfully requests judgment be entered against Defendant, TRANS UNION, LLC, for the following:

42. All actual compensatory damages suffered pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

43. Statutory damages of $1,000.00 pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

44. Costs and reasonable attorneys' fees pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

45. Equitable relief, including enjoining Defendant from further violations, pursuant to Fair Credit Reporting Act, 15 U.S.C. § 1681n(a); and

46. Any other relief that this Honorable Court deems appropriate.

## COUNT III
## DEFENDANT EQUIFAX VIOLATED THE FAIR CREDIT REPORTING ACT

47. Plaintiff repeats and re-alleges paragraphs one (1) through thirty (30) of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

48. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Trans Union is liable to Plaintiff for engaging in the following conduct:

   a. Willfully or negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. §1681i(a);

   b. Willfully or negligently failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

c.  Willfully or negligently failing to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

d.  Willfully or negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a); and

e.  Willfully or negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

49. The conduct of Equifax was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Trans Union is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

WHEREFORE, Plaintiff, MICHAEL DECARO, respectfully requests judgment be entered against Defendant, EQUIFAX INFORMATION SERVICES, LLC, for the following:

50. All actual compensatory damages suffered pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

51. Statutory damages of $1,000.00 pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

52. Costs and reasonable attorneys' fees pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

53. Equitable relief, including enjoining Defendant from further violations, pursuant to Fair Credit Reporting Act, 15 U.S.C. § 1681n(a); and

54. Any other relief that this Honorable Court deems appropriate.

**COUNT IV**
**DEFENDANT CREDIT ACCEPTANCE CORPORATION VIOLATED THE**
**FAIR CREDIT REPORTING ACT**

55. Plaintiff repeats and re-alleges paragraphs one (1) through thirty (30) of Plaintiff's

Complaint as the allegations in Count IV of Plaintiff's Complaint.

56. Defendant Credit Acceptance Corporation violated sections 1681n and 1681o of the FCRA

by engaging in the following conduct, which violates 15 U.S.C. §1681s-2(b):

   a. Willfully and negligently failing to review all relevant information concerning
      Plaintiff's account provided to Defendant;

   b. Willfully and negligently failing to report the inaccurate status of the inaccurate
      information to all credit reporting agencies;

   c. Willfully and negligently continuing to furnish and disseminate inaccurate and
      derogatory credit, account and other information concerning the Plaintiff to credit
      reporting agencies and other entities despite knowing that said information was
      inaccurate;

   d. Willfully and negligently failing to comply with the requirements imposed on
      furnishers of information pursuant to 15 U.S.C. § 1681s-2; and

   e. Willfully and negligently failing to establish and implement reasonable written
      policies and procedures regarding the accuracy and integrity of the information
      relating to consumers that it furnishes to a consumer reporting agency pursuant to
      Regulation V.12 C.F.R. § 1022.42(a).

57. Credit Acceptance's conduct was a direct and proximate cause, as well as a substantial

factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully

above, and as a result, Credit Acceptance is liable to compensate Plaintiff for the full

amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as

well as such other relief permitted by law.

WHEREFORE, Plaintiff, MICHAEL DECARO, respectfully requests judgment be entered

against Defendant, CREDIT ACCEPTANCE CORPORATION, for the following:

a.  All actual compensatory damages suffered pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

b.  Statutory damages of $1,000.00 pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

c.  Costs and reasonable attorneys' fees pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

d.  Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Fair Credit Reporting Act, 15 U.S.C. § 1681n(a); and

e.  Any other relief that this Honorable Court deems appropriate.


DATED:  February 01, 2022                    RESPECTFULLY SUBMITTED,


By:  /s/ Michael S. Agruss
                Michael S. Agruss
                IL State Bar #: 6281600
                Agruss Law Firm, LLC
                4809 N. Ravenswood Ave.
                Suite 419
                Chicago, IL 60640
                Tel: 312-224-4695
                Fax: 312-253-4451
                michael@agrusslawfirm.com
                Attorney for Plaintiff